### SLICK-URSCHEL, Inc., et al. v. MOONEY et al.

No. 24498. Dec. 19, 1933.

Pierce, Follens & Rucker and Fred M. Mock, for petitioners.

Earl Sadler, for respondents.

SWINDALL, J. On October 5, 1932, respondent Jack Mooney was in the employ of Slick-Urschel, Incorporated, engaged in an employment coming under the terms and provisions of the Workmen's Compensation Law. It is admitted that in the course of and arising out of his employment he received an injury to his right eye. The employer reported the accidental injury to the State Industrial Commission on October 11, 1932, in which report it discloses how the accident occurred in this language: "Plug blew out of steam pump, throwing hot salt water in eyes." The claimant did not work during the seven days next after the accident, but made no claim for temporary total disability. After that date he continued to work for the petitioner, Slick-Urschel, Incorporated, until the 1st of December, 1932, at which time he was laid off due to an extended cut in the working force of the employer. On December 7, 1932, he filed employee's first notice of injury and claim for compensation, in which he alleges cause of accident as: "Plug blew out of pump, throwing hot oil and hot salt water in my eyes; plug also struck my right eye."

The petitioners submit but one proposition to us for consideration, that is, that the findings of fact made by the State Industrial Commission are not supported by any competent evidence. That the respondent Jack Mooney is a malingerer and that he has not lost the sight in his right eye as a result of the alleged accidental injury. We have carefully examined the record and find the evidence to be conflicting, but there is competent evidence to sustain the award that as a result of said accidental injury the respondent Jack Mooney has lost the sight in his right eye, and that the injury is permanent. The award is for a specific injury, being for the loss of the sight in the right eye, and there is competent evidence in the record to sustain the award.

If the contention of the petition is correct, that the respondent Jack Mooney is a malingerer and that the loss of sight in the right eye is not permanent, upon a proper showing before the Commission at any later date that the condition of the respondent has changed and he has recovered a partial use of the right eye, the Industrial Commission is authorized to change its award on such showing of a change in condition. But, under the present condition of the record, the Commission was authorized in finding the loss of sight was permanent, and where there is competent evidence to sustain the award, we are not authorized to set aside the findings of the State Industrial Commission.

The award is affirmed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur